**22**  Sydney Greenbaum et al., Respondents-Appellants, v Sherman, Citron & Karasik, P. C., Appellant-Respondent. [697 NYS2d 265] —Order, Supreme Court, New York County (Carol Huff, J.), entered May 15, 1998, which, upon the grant of defendant's motion and plaintiffs' cross motion for reargument and renewal of defendant's motion for summary judgment dismissing the complaint, adhered to that part of the court's prior order, entered February 11, 1997, granting the motion for summary judgment to the extent of dismissing plaintiffs' malpractice claims, and granted the motion to the additional extent of dismissing plaintiffs' cause of action for indemnification, but denied the motion to the extent that it sought dismissal of plaintiffs' cause of action for fraud, unanimously modified, on the law, to grant the motion to the further extent of dismissing plaintiffs' third, and final, cause of action for fraud, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint. Cross appeals from order, same court and Justice, entered February 11, 1997, which granted defendant's motion for summary judgment only to the extent of dismissing plaintiffs' malpractice claims, unanimously dismissed, without costs, as academic in view of the foregoing.

Plaintiffs' malpractice claims were properly dismissed as barred by the applicable Statutes of Limitation. Plaintiffs have made no factual demonstration to support their claim of entitlement to discovery to determine whether there was any continuing representation that would toll the running of the statutory period, nor have they asserted a valid basis for estopping defendant from invoking a Statute of Limitations defense against them. Also properly dismissed was plaintiffs' claim for indemnification, since the claim against plaintiffs for which indemnification was sought, asserted as a counterclaim against plaintiffs in a Nassau County action, was settled in plaintiffs' favor.

We modify only to the extent of granting that branch of defendant's motion for summary judgment seeking dismissal of plaintiffs' cause of action for fraud. In support of that branch of defendant's motion, defendant offered the affidavit of plaintiff's former business associate who affirmed that he and plaintiff negotiated the terms of the subject buy out agreement and

dictated its terms to one of defendant law firm's attorneys, who thereafter drafted the agreement solely in accordance with the dictated terms. The specific attorney who drafted the agreement and upon whom plaintiffs claim to have relied is dead. Defendant's submission sufficed to establish a prima facie right to judgment in its favor, which plaintiffs failed to rebut. The record is devoid of an affidavit or statement from a person with actual knowledge setting forth the substance of any fraudulent representations made to plaintiffs, and plaintiffs may not resurrect their untimely negligence claim as one for fraud.

We have reviewed plaintiffs' remaining arguments and find them unavailing. Concur—Sullivan, J. P., Tom, Rubin, Saxe and Buckley, JJ.